IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                              :
                                    :
MARTIN RAMOS DELGADO,               :        Case No. 05-01539(GAC)
                                    :
                                    :
        Debtor                      :        Chapter 13
_____ :

**DECISION AND ORDER**

I. <u>Background</u>

On February 24, 2005, the debtor Martin Ramos Delgado ("Ramos") filed a petition under Chapter 13 of the Bankruptcy Code. The Puerto Rico Department of Treasury ("Treasury") filed Proof of Claim #9 for the amount of $51,133.74, including the sum of $47,442.51 as a priority, pertaining to tax year 2001.

On August 10, 2005, Ramos filed an Objection to Proof of Claim #9 (Docket #15). Ramos asserts that 11 U.S.C. § 507(a)(8)(A)(i) contemplates as priority years only three years prior to the filing of the bankruptcy petition. Ramos alleges that since he filed his tax return for year 2004 before the filing of his bankruptcy petition, the priority years under 11 U.S.C. § 507(a)(8)(A)(i) should be 2002, 2003 and 2004. Ramos argues that year 2001 supersedes the three-year look back period. He also contends that not to consider year 2004 as part of the priority period when he already filed his tax return for that year, will signify that the three year period established in § 507(a)(8)(A)(i) will be four years instead of three. Ramos contends that since Treasury

included22 2001 as a priority tax year, the proof of claim should be disallowed.

On September 7, 2005, Treasury filed a Reply to the Objection to Proof of Claim #9 (Docket #19), asserting that 11 U.S.C. § 507(a)(8)(A)(i) grants priority status to taxes pertaining to returns due within three years of the petition date. Treasury maintains that taxes for years 2001, 2002 and 2003 are entitled to priority status, and not year 2004 because the tax return for 2004 was not due until April 15, 2005, which was after the petition was filed. Treasury contends that applicable local law determines the due date, which is April 15 of the following year for a calendar year taxpayer.

On the same day, Ramos filed a Sur-Reply (Docket #20), asserting that his tax return for year 2004 was filed prior to the filing of the petition and arguing that even though the taxpayer has until April 15, 2005 of the taxable year, since he filed it before the due date, the tax for year 2004 is entitled to priority status and not the tax for year 2001.

Treasury filed a Reply on October 25, 2005 (Docket #23). Treasury contends that Ramos' interpretation of § 507 (a)(8)(A)(i) goes against the plain language of the statute and thus should be rejected. Finally, Treasury states that it did not locate case law interpreting § 507(a)(8)(A)(i). However, it insists that this is

2

because the language is so unequivocal and clear that it has simply not been the subject of published judicial scrutiny.

Finally, on October 27, 2005, Ramos filed a Second Sur Reply (Docket #24), contending that he filed the tax return for 2004 and that even though a tax payer has until April 15 of the taxable year, he submitted himself to the jurisdiction of the Treasury Department and thus 2004 should be the year entitled to priority status rather than 2001.

II. <u>DISCUSSION</u>

A. <u>Section 507(a)(8)(A)(i)</u>

Section 507(a) sets forth ten categories of expenses and claims that are entitled to priority in bankruptcy cases. The present case arises under the eighth priority, Section 507(a)(8), which includes:

> allowed unsecured claims of governmental units, only to the extent that such claims are for-
>> (A) a tax on or measured by income or gross receipts-
>>> (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

11 U.S.C. sec 507(a)(8)(A)(i).

As explained by the United States Supreme Court, the preeminent canon of statutory interpretation requires the courts to

"presume that the legislature says in a statute what it means and means in a statute what it says there". <u>BedRoc Ltd., LLC v. U.S.</u>, 541 U.S. 176 (2004) (<u>citing</u> <u>Connecticut Nat. Bank v. Germain</u>, 503 U.S. 249 (1992)). "Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous." <u>Lamie v. United States Trustee</u>, 540 U.S. 526, 534 (2004). "Where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" <u>U.S. v. Ron Pair Enterprises, Inc.</u>, 489 U.S. 235, 241 (1989)(<u>quoting</u> <u>Caminetti v. U.S.</u>, 242 U.S. 470, 485 (1917)).

The statute clearly states that the three year period for calculation of priority status, is measured from the date in which the return is "last due." 11 U.S.C. § 507(a)(8)(A)(i). Pursuant to the laws of Puerto Rico, the due date for the filing of income tax returns, is on or before the 15th of April following the close of the calendar year. See 13 L.P.R.A. § 8453. Consistent with this interpretation, in explaining § 507(a)(8)(A)(i), a leading treatise on bankruptcy states:

> This subsection applies only to taxable years ending on or before the petition date. If the tax return for the particular tax is due within three years before the petition date, the tax will be entitled to priority....
>
>         ***
>
> In determining the scope of section 507(a)(8)(A)(i) priority, the operative date is the date on which the tax return was due and not the date that the return was actually filed....    [stated another way] [t]he

measuring date is not when the return was filed, but when it was last due.

4 <u>Collier on Bankruptcy</u> § 507.10(2)(a), p. 507-68.

Thus, this Court concludes that the plain language of the statute requires that the tax returns that have priority are those that are due for the three years prior to the filing of the petition. Thus, when Ramos filed for bankruptcy on February 24, 2005, the tax returns due were for years 2001, 2002 and 2003, and not the tax return for year 2004 because it was not due until April 15, 2005, after the filing of the petition. Accordingly, Proof of Claim #9 will be allowed as filed.

<u>ORDER</u>

WHEREFORE IT IS ORDERED that Ramos' objection to Proof of Claim #9 (Docket # 15) shall be, and hereby is, Denied.

SO ORDERED.

San Juan, Puerto Rico, this 10th day of May, 2006.

S/Gerardo A. Carlo-Altieri

_____

GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge